IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


RACHEL NICHOLE RICE                                                                PLAINTIFF


v.                                      CIVIL NO. 22-cv-4030


KILOLO KIJAKAZI, Acting Commissioner                                               DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Rachel Nichole Rice, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her application for SSI on June 19, 2019. (Tr. 10). In her application, Plaintiff alleged disability beginning on May 1, 2008, due to migraine headaches and chronic vomiting syndrome. (Tr. 10, 217). An administrative hearing was attempted via telephone on September 9, 2020, at which Plaintiff amended her alleged onset date to June 19, 2020, before the hearing had to be terminated due to technical difficulties. (Tr. 60, 65). A second administrative hearing was held via telephone on December 7, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 68–99). A vocational expert ("VE") also testified. *Id*.

On December 28, 2020, the ALJ issued an unfavorable decision. (Tr. 7–17). The ALJ found that Plaintiff had the following severe impairments: cyclic vomiting syndrome, migraines,

obesity, major depressive disorder, and generalized anxiety disorder. (Tr. 12). The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 12–13). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of light work as defined in 20 CFR 416.967(b) except can understand, remember and carry out short, simple instructions; can perform simple, routine tasks with no fast-paced high quota production work; can make only simple work related decisions; can adapt to few, if any workplace changes; and can tolerate only occasional interactions with co-workers supervisors and the general public.
> (Tr. 13–15).

The ALJ found Plaintiff had no past relevant work. (Tr. 15). With the assistance of the VE, the ALJ found Plaintiff could perform the representative occupations of price marker and power screwdriver operator. (Tr. 62). The ALJ found Plaintiff was not disabled from August 13, 2018, through the date of her decision. Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 17, 22).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other

words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises only one issue on appeal: whether the ALJ erred by failing to sufficiently explain his reasons for disregarding the opinion of Dr. Kasitinon, the consulting examiner. (ECF No. 17, p. 3). Defendant argues the ALJ properly considered Dr. Kasitinon opinion, including his opinion that Plaintiff could sit, walk or stand for a full workday, lift and carry objects without limitations, hold a conversation, respond appropriately to questions, and remember and carry out instructions. (ECF No. 22). The ALJ also considered Dr. Kasitinon's opinion that the constant nature of Plaintiff's vomiting and headaches would make it very difficult to perform these tasks for any sort of prolonged period of time, limiting her ability to accommodate a job until the conditions were better controlled. (Tr. 298).

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. While Dr. Kasitinon did opine Plaintiff's constant vomiting and headaches would be an impediment to her ability to work, the ALJ also considered the sporadic nature of her treatment for migraine headaches and cyclic vomiting along with a lack of indicators of constant vomiting such as malnutrition or weight loss. (Tr. 14).  The ALJ also considered Plaintiff's good responses to medications when she took them. (Tr. 15). For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's

Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

    IT IS SO ORDERED this 21st day of March 2023.

                          /s/ *Christy Comstock*
                          HON. CHRISTY COMSTOCK
                          UNITED STATES MAGISTRATE JUDGE